## STATE OF MAINE *vs.* FAYETTE SHAW *et als.*

*Organization of plantation—how effected.*

The county commissioner, to whom application is made for the organization of a plantation under acts of 1870, c. 121, is alone authorized to fix the place of meeting for that purpose.

He cannot delegate this power to the person to whom his warrant is addressed.

The officer's return must show that the notices of the meeting were posted in two conspicuous (as well as public) places.

On report.

Trespass *quare clausum*, for cutting timber upon the lots reserved for public uses in Vanceboro plantation, between the twenty-eighth day of January, 1871, and the date of the writ. It was conceded that Mr. Shaw had the right so to cut prior to January 28, 1871, ·by virtue of a deed from the state, and had not lost it, unless the proceedings had upon that day, for an organization of the township into a plantation, under acts of 1870, c. 121, the provisions of which are recited in the opinion, were legally sufficient for that purpose. This was the only question submitted; and a nonsuit or default, without costs in either event, was to be entered as its determination might require.

*Albert W. Paine* for the state.

The effect to be given to the defendant's deed is stated in *Bragg* v. *Burleigh*, 61 Maine, 444.

The notice of the meeting of January 28, 1871, was given, as the return states, "according to law." This is sufficient. *Tuttle* v. *Cary*, 7 Maine, 426 ; *Ford* v. *Clough*, 8 Maine, 334 ; *Bucksport* v. *Spofford*, 12 Maine, 487; *Saxton* v. *Nimms*, 14 Mass., 315 ; *Thayer* v. *Stearns*, 1 Pick., 109 ; *Houghton* v. *Davenport*, 23 Pick., 235, and cases there cited; *Rand* v. *Wilder*, 11 Cush., 294.

The cases of *State* v. *Williams*, 25 Maine, 561, and others of later date, are governed by positive requirements of the statute as to the return of the warning officer, and therefore do not conflict with those above cited.

*E. B. Harvey* for the defendant, cited *State* v. *Williams*, 25 Maine, 561, and other similar cases, and raised the various objections to the proceedings had for the purpose of effecting an organization that are noticed in the opinion.

Appleton, C. J. This is an action of trespass *quare clausum fregit* against the defendants for cutting timber on No. 1, R. 4, of Titcomb's survey, called Vanceboro.

The defendants justify under a deed from the state dated November 8, 1850, which confers the right to cut timber and grass on the public lot in question, the right "to continue until the tract or township shall be incorporated, or organized for plantation purposes."

The organization upon which reliance is placed was under and by virtue of the provisions of an act approved March 10, 1870, c. 121, §§ 2 and 3.

By § 1, the county commissioners were to return to the secretary of state every five years a description of townships containing more than two hundred and fifty inhabitants.

By § 2, "immediately after making such return said commissioners shall issue their warrant to one of the principal inhabitants of each of such unincorporated townships, commanding him to notify the inhabitants thereof, qualified to vote for governor, to assemble on a day and at a place named in the warrant, to choose a moderator, clerk, three assessors, treasurer, collector of taxes, constable, superintending school committee, and other necessary plantation officers. Notice of such meeting is to be given by posting an attested copy of the warrant therefor, in two public and conspicuous places in the township, fourteen days before the day of meeting. The warrant with such inhabitant's return thereon is to be returned to the meeting and the above named officers shall be chosen and sworn."

By § 3, provision is made for the organization of townships containing "any number of inhabitants." It was under this section that the alleged organization took place.

By this section, "any one or more of the county commissioners, on written application signed by three or more persons qualified as the constitution requires to be voters, &c., may issue a warrant to one of them requiring him to warn a meeting of the qualified voters of such place residing within the limits described in the warrant . . the warrant, notice of meeting and proceedings therein to be the same as in the preceding section."

The warrant issued by the county commissioner to whom ap-

State *v.* Shaw.

plication was made, was to notify the inhabitants of Vanceboro proper "to meet at some central place in said Vanceboro, on Saturday, the twenty-eighth day of January, 1871, at two o'clock in the afternoon, by posting notices in two or more public places in said Vanceboro, fourteen days before the time of said meeting to give in their votes for the choice of the following officers : first, to choose a moderator to govern said meeting ; second, to choose a clerk ; third, to choose three assessors for said plantation."

It will be perceived that the warrant fails to comply with the requirements of § 2, in not naming the place of meeting ; in omitting most of the officers to be chosen ; and in not requiring that an attested copy of the warrant shall be posted in two public and conspicuous places in said township.

The notice as given, notifies and warns the inhabitants to assemble at the school house in said Vanceboro at the time designated in the warrant. The place of meeting, it seems, was fixed and determined, not by the county commissioner issuing the warrant as required by § 2, but by the person to whom it was directed for service and who was in no way authorized to name it.

The return to the warrant of the county commissioner is in these words :

"Pursuant to the within warrant, I have notified the inhabitants of Vanceboro, qualified as therein expressed, to meet at the school house in Vanceboro, for the purposes therein expressed, by posting up notices according to law.      GEO. M. B. SPRAGUE."

The return is not dated. It cannot be known that the required notice was given. It does not appear that notice was posted up in two or more public places, nor, if so posted, that the places were conspicuous, as the statute requires. It is certain that the notice was not to choose the officers required by statute to be chosen.

The warrant as issued by the county commissioner was not in accordance with § 3. The return of Sprague fails to show that the inhabitants were seasonably or legally notified, as required by the same section. The notice was not posted up in two public

and conspicuous places as the statute directs. *State* v. *Williams,* 25 Maine, 561; *Fossett* v. *Bearce,* 29 Maine, 523; *Bearce* v. *Fossett,* 34 Maine, 575; *Brown* v. *Witham,* 51 Maine, 29.

It not being shown that there has been an organization, such as the statute requires, the plaintiff, by the agreement of parties, must become nonsuit. *Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.